UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WESTFIELD INSURANCE COMPANY                                                          PLAINTIFF

v.                                                                                          CASE NO. 3:07-CV-86-S

RADCLIFF AUTOMOTIVE, LLC, and                                                        DEFENDANTS
MICHAEL LEE BERNARD

### MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of defendants Radcliff Automotive, LLC ("Radcliff") and Michael Lee Bernard ("Bernard") (hereinafter collectively, "Defendants") to alter, amend or vacate the court's order granting summary judgment in favor of plaintiff Westfield Insurance Company ("Westfield") (DN 54). Westfield has responded to Defendants' motion (DN 58) and also filed a motion to clarify order or, in the alternative, dismiss bad faith claims (DNs 55 & 56). For the reasons that follow, Defendants' motion will be denied and Westfield's motion will be granted.

Defendants were the victims of a fraudulent scheme perpetrated by Joseph Donald Roby ("Roby"). *Memorandum Opinion*, pp. 1-3. Roby stole more than $1.2 million from Defendants. *Id*. Defendants and Westfield filed cross-motions for summary judgment (DNs 26 & 42) on the issue of whether Defendants' loss was covered under Radcliff's contract of commercial insurance (the "Policy") with Westfield. In our memorandum opinion and order entered March 30, 2009 (DNs 52 & 53), the court granted Westfield's motion for summary judgment and dismissed with prejudice Defendants' claim.

In their currently pending motion to alter or amend, Defendants argue that the court erred

in determining that "Roby did not steal vehicles or titles but rather proceeds from vehicle sales owed to Auto Venture.[1]" *Motion to Alter, Amend or Vacate*, p. 1 (quoting *Mem. Op.*, p. 8). Defendants argue that Roby did not steal proceeds but rather titles and then converted those vehicles into proceeds. *Motion to Alter or Amend* at 1-5. Defendants argued in their prior motion for summary judgment that theft of vehicle title is a covered loss under the Policy. *Defendants' Motion for Summary Judgment*, pp. 6-8. In addition, Defendants argue that the court erred in finding that coverage was not available under the Policy's Fraudulent, Forged or Counterfeit Title Coverage provision.

Having considered the parties' most recent briefs and revisited the prior briefs from both summary judgment motions, the court reaffirms the findings from our previous memorandum opinion. It is plain that Roby forged titles with the intent to avoid Defendants' security interests. However, the method of Roby's deception is not to be conflated with the nature of Defendants' loss. Defendants assert that "but for the fact that Roby fraudulently took ownership of the vehicles [by obtaining duplicate title], he could not have converted the vehicles into cash." *Motion to Alter or Amend* at 5. But in fact, that is not true; Roby was free to buy and sell vehicles as he pleased, and regularly exchanged vehicles for money payable directly to Auto Venture. Defendants note that "while Roby was effectuating his scheme he was also legitimately selling vehicles pursuant to the parties' Business Agreement, which were titled in Auto Venture's name." *Id.* at 4. Moreover, Defendants admit that the vehicles in question were titled in Defendants' name as simply a matter of convenience for the parties, and that Defendants held the titles in their physical possession merely for the purpose of tracking vehicle purchases and sales and monitoring Roby's outstanding loans.

---

[1] Auto Venture, Inc. ("Auto Venture") is a related company of Defendants'.

The parties' Business Agreement was based entirely upon the proceeds from Roby's vehicle sales. It is true that but for the fact that Roby forged the titles, he could not have perpetrated his fraudulent scheme. However, it was not Roby's forgery of the titles but rather his theft of the proceeds from vehicle sales owed to Auto Venture that defines Defendants' loss.

Defendants allow that "the Court's reasoning contained in its Memorandum Order would be correct if Roby had simply sold the vehicles titled in the name of Auto Venture and then forged checks that were made payable to Auto Venture. However, this scenario did not happen." *Id.* at 5. Defendants refer to the fact that some customers who bought vehicles with forged titles from Roby made checks directly payable to him, not Auto Venture, and therefore a forgery did not occur in each and every instance. However, this is a distinction without a difference. By retaining proceeds in any form from vehicle sales owed to Auto Venture for himself, Roby stole money from Defendants. Lost proceeds are not covered under the Policy.[2]

In addition, for the reasons stated in previous our memorandum opinion, Defendants' loss is not covered under the plan language of the Policy's Fraudulent, Forged or Counterfeit Title Coverage provision. Accordingly, Defendants' motion to alter or amend will be denied.

Because Westfield is not obligated to pay Defendants' claim under the terms of the Policy, Defendants' bad faith claims against Westfield will be dismissed. *Davidson v. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000).

For the above reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendants' motion to alter or amend is **DENIED,** Westfield's motion to dismiss bad faith claims is **GRANTED,** and the entirety of Defendants' claims asserted

---

[2]*See, Mem. Op.* at 9-11. It is irrelevant whether the Policy covers theft of vehicle title.

in this litigation, including Defendants' bad faith claims, may be and the same hereby are **DISMISSED WITH PREJUDICE.**

    **IT IS SO ORDERED.**